Minshall, J.
I concur in the reversal, but notin the grounds on which it is placed. The admitted facts show that it is physically impossible for the property of the railway company to be benefited by the construction of the overhead bridge, as property “abutting” on the improvement. It cannot be used by the company as an abutting owner, nor can anyone using it have access to the company’s road. It may be that its construction is a benefit to the company, in that its construction may relieve the company from the dangers incident to a grade crossing. But such benefits are merely incidental to the improvement ; and are not of a kind with ■ those for which an assessment may be made for the cost of an improvement. Such benefits must be common to all abutting property owners. Such as are not common cannot afford a basis for the apportionment of costs and expenses among property owners. It is the benefits that arise from the use to be made of the improvement that can be regarded in making an assessment and none others.
I fail to see any necessity in this case for overruling any of the former decisions of this court; and it will be quite time enough to consider whether any of them should be .overruled when the necessity arises. The opinion in Cleveland v. Wick, was prepared by a judge distinguished for his ability and accuracy of reasoning; and its supposed fallacies have withstood all criticism for a third of a century and it has *486 been followed and approved time and again; and, only recently, the case of Hinkel v. Cincinnati, 58 Ohio St., 726, was disposed of on its authority alone. It is further to be observed that in Baker v. Nor-wood, the Supreme Court of the United States dues not question its accuracy. The majority regarded it as quite distinguishable from the case before (he court, and it was fully approved by the minority. The proposition that the value of lands condemned for a street must be paid for from the general fund of the municipality or from a fund raised by general taxation, virtually destroys the power of assessment, is contrary to the practice that has prevailed under the present constitution and is unsupported by any reported case.